IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOTION IN MOTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| NEW CIBO VITA LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Promotion In Motion, Inc. ("PIM" or "Plaintiff"), by way of this Complaint against Defendant New Cibo Vita LLC ("Cibo Vita" or "Defendant") alleges upon information and belief as follows:

**INTRODUCTION**

1. Determined to grab market share and profit at any cost, Cibo Vita repeatedly disregards the federal laws in place to protect consumers and honest competitors. To fast-track placement of its products at popular retailers like Costco and Walmart, Cibo Vita used and continues to use false advertising to deceive retailers into believing that its "Yoggies" brand yogurt covered fruit snack products contain "2 billion probiotic cultures" per serving. The scheme worked, prompting retailers to stock millions of bags of Yoggies and consumers to purchase them—all in the mistaken belief that they were making healthier choices for themselves and their customers. **But Yoggies do not contain probiotics in anywhere near the advertised amount. Nor are they a healthier choice.** PIM and class action plaintiffs commenced litigation to stop this deception. *See PIM Brands, Inc. v. New Cibo Vita LLC*, 2:25-cv-01418-MEF-AME (D.N.J, filed

Feb. 24, 2025) and *Move v. New Cibo Vita LLC*, Case No. 2:25-cv-04148 (MEF-AME) (D.N.J., filed May 12, 2025).

2.      Cibo Vita's blatant disregard for the law does not stop with false advertising. Rather than innovating or competing fairly, Cibo Vita knowingly and willfully copied PIM's patented technology to accelerate its market success and undercut PIM's sales. This civil action arises from Cibo Vita's patent infringement.

3.      PIM is one of North America's leading manufacturers and marketers of popular brand name confections, fruit snacks, and candy products. In 2001, PIM launched Welch's Fruit Snacks, which would become the industry's top selling brand of fruit snack products. It is rated as the number one brand of fruit snacks in household penetration, loyalty, and purchase rates.



4.      Building on the immense popularity of Welch's Fruit Snacks, PIM introduced Welch's Fruit 'n Yogurt Snacks, which are comprised of whole fruit surrounded by a layer of creamy yogurt. Like its predecessor, the Welch's Fruit 'n Yogurt Snacks product has become immensely popular, with millions sold through major retailers and other channels both nationwide and internationally.

2



5.      PIM is now introducing another yogurt-covered fruit snack product, YogoFruits, to market. This product contains probiotics infused into portions of a yogurt coating that surrounds a fruit center.

6.      PIM's YogoFruits product is patented by U.S. Patent Nos. 9,750,267 (the "'267 patent") and 11,317,640 (the "'640 patent") (collectively, "Asserted Patents"). Ex. A; Ex. B. These patents describe a probiotic-containing fruit snack with a barrier layer that protects the probiotic cultures from the moisture of the fruit center. The Asserted Patents are described in more detail below and are attached hereto as Exhibits A and B. The '267 patent (Ex. A) issued on September 5, 2017, and the '640 patent (Ex. B) issued on May 3, 2022.

7.      With PIM in its sights, in 2023—and after both Asserted Patents issued—Cibo Vita began copying PIM's patented technology. Cibo Vita did so by introducing the Yoggies copycat yogurt-covered fruit-snack product referenced above to the market. Like the designs in the

3

Asserted Patents, upon information and belief, Yoggies have a barrier layer that protects probiotic cultures contained in the yogurt coating from moisture in the fruit center.



8.      Because the Yoggies product is covered by the Asserted Patents, and because Cibo Vita makes, uses, and sells these products in the United States, Cibo Vita infringes the Asserted Patents.

9.      Moreover, Cibo Vita's infringement is deliberate and willful. Cibo Vita knew about the Asserted Patents since at least April 2024. Proof of this lies in two International Search Reports that Cibo Vita received when it was attempting to obtain patents on its Yoggies product (it does not appear Cibo Vita has obtained any such patents). Ex. C; Ex. D. These International Search Reports, which were sent and received on April 12, 2024 (Ex. C) and May 12, 2024 (Ex. D), both listed—and thus informed—Cibo Vita about the publications that matured into the '267 and '640 patents. Even worse, in conjunction with its pursuit of patents in the United States at the U.S. Patent & Trademark Office ("USPTO"), Cibo Vita *itself* cited the PIM patent publication that matured into the '267 patent in Information Disclosure Statements submitted in September 2025 (as part of its obligation at the USPTO to disclose known, non-cumulative prior art). Ex. E; Ex. F.

Based on this evidence, Cibo Vita cannot reasonably dispute that it currently knows of and has known about the existence of the Asserted Patents since at least April 2024.

10.     Further, Cibo Vita has known about, or at least has been willfully blind towards, its infringement of the Asserted Patents for more than 20 months. In the International Search Report dated May 12, 2024, the European Patent Office performed a substantive analysis comparing the designs described in the publication that led to the issuance of both Asserted Patents to the designs that Cibo Vita adopted in the Accused Products, after which the European Patent Office concluded that the designs were similar. In its analysis, the European Patent Office cited to and opined on three features at the heart of the infringement analysis in this case: the fruit center, the barrier layer, and the outer probiotic layer. Ex. D. After receiving the May 2024 International Search Report, Cibo Vita knew it had been and was continuing to infringe the Asserted Patents.

11.     At this point, rather than stop using PIM's patented designs, Cibo Vita continued flouting this intellectual property by deliberately and willfully continuing to infringe.

12.     Cibo Vita also has based its advertising campaign for the Yoggies product largely on features covered by the claims of PIM's Asserted Patents. In particular, Cibo Vita prominently advertises the coatings and probiotics in its Yoggies and claims PIM's cutting-edge technology as its own. Aidan Mould, Cibo Vita's senior brand manager for the "Nature's Garden" brand, stated that "Yoggies use AnaBio's microencapsulation technology to safely maintain and deliver through a shelf stable snack [a] probiotic strain."[1]  Cibo Vita's CEO, Emre Imamoglu, called the

---

[1] *Cibo Vita Stays Ahead in 'Smart Snacking' With Scientific Backing, Cutting-Edge Tech*, FOODNAVIGATOR USA, https://www.foodnavigator-usa.com/Article/2024/05/30/Cibo-Vita-stays-ahead-in-smart-snacking-with-scientific-backing-cutting-edge-tech/#:~:text=A%20turning%20point%20for%20the,probiotic%20strain%20Lactobacillus%20rhamnosus%20GG (last visited Nov. 24, 2025).

incorporation of AnaBio's probiotic encapsulation technology into Yoggies "[a] turning point for the company."[2]

13.     Cibo Vita could have invested the time and resources—like PIM did—to develop its own innovations. But instead, it chose to cut corners and steal PIM's patent designs to fast track its way to sales and profit. Cibo Vita disregards the truth, the law, and PIM's intellectual property rights in its quest to capture market share for its Yoggies product. Cibo Vita's irresponsible conduct has substantially harmed PIM and likely others, and it must be stopped.

## NATURE OF THE ACTION

14.     This is a civil action for infringement of the '267 and '640 patents, which is being filed under the United States patent laws, Title 35, United States Code, § 1 et. seq., including 35 U.S.C. §§ 271 and 281.

## THE PARTIES

15.     PIM is a corporation organized and existing under the laws of the State of Delaware and maintains a place of business at One PIM Plaza, Park Ridge, New Jersey 07656.

16.     PIM is the assignee and owner of the '267 and '640 patents.

17.     Cibo Vita is a Delaware limited liability company with a principal place of business at 12 Vreeland Ave, Totowa, New Jersey 07512.

18.     Cibo Vita is in the business of, *inter alia*, manufacturing, marketing, and/or selling food products throughout the United States, including the State of Delaware.

## THE ASSERTED PATENTS

---

[2] *Id.*

6

19.    The '267 patent is entitled "Fruit Snack with Probiotics and Method of Manufacturing a Fruit Snack with Probiotics." The '267 patent issued on September 5, 2017, to Basant K. Dwivedi. PIM is the assignee and owner of the '267 patent. *See* Ex. A.

20.    The '640 patent is entitled "Fruit Snack with Probiotics and Method of Manufacturing a Fruit Snack with Probiotics." The '640 patent issued on May 3, 2022, to Basant K. Dwivedi. PIM is the assignee and owner of the '640 patent. *See* Ex. B.

21.    The '267 and '640 patents are the Asserted Patents in this case. These patents address practical problems with consumer food products containing probiotics. *E.g.*, '267 patent at 2:30-57, 4:45-56; '640 patent at 1:25-2:29, 4:45-59. Many conventional probiotic-containing foods—including fermented products like yogurt—contain a  significant amount of moisture. *E.g.*, '267 patent at 2:6-13; '640 patent at 2:10-17. Because of this, these foods typically have limited shelf lives and require refrigeration. *E.g.*, '267 patent at 2:9-10; '640 patent at 2:13-14. The Asserted Patents describe a shelf-stable, probiotic-containing fruit snack product that protects its probiotic cultures by separating them from moisture in the fruit snack's fruit center.

22.    The Asserted Patents describe forming a fruit-based mixture (a "slurry"), cooking it to produce the center, covering the center with a barrier layer, and then applying an outer layer containing heat-sensitive ingredients such as probiotics. *E.g.*, '267 patent at 2:58-3:3, 3:11-30, 3:41-43, 3:46-48, 4:57-65, 5:3-8, 5:10-12, 5:22-32; '640 patent at 2:62-3:7, 3:8-33, 3:35-40, 3:45-47, 4:60-67, 5:1-6, 5:12-18, 5:29-33. The barrier layer is designed to substantially prevent moisture from the fruit center from migrating into the probiotic-containing outer layer, and, to facilitate this, the center is cooled before the barrier layer and/or outer layer is applied, which minimizes heat-related damage to these heat-sensitive ingredients. *E.g.*, '267 patent at 2:58-3:3, 3:11-30, 3:56-58, 5:9-10, 5:12-16, 5:32-39; '640 patent at 2:62-3:6, 3:7-33, 3:60-62, 5:12-18, 5:34-39.



23.     As shown above in Figure 1 of the '267 and '640 patents, one embodiment of the inventive fruit snack contains a center (element 12 in the above figure), a barrier layer (element 14), and an outer layer (element 16). '267 patent, Fig. 1; '640 patent, Fig. 1.

## JURISDICTION AND VENUE

24.     Plaintiff incorporates by reference the prior paragraphs of this Complaint as if fully set forth herein.

25.     This is an action for patent infringement arising under the patent laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

26.     This Court has personal jurisdiction over Cibo Vita because Cibo Vita conducts business in and has committed acts of direct and joint patent infringement, contributed to infringement by others, and/or induced others to commit acts of patent infringement in this District, the State of Delaware, and elsewhere in the United States and has established minimum contacts with this forum state such that the exercise of jurisdiction over Cibo Vita would not offend the traditional notions of fair play and substantial justice.

27.     Cibo Vita transacts substantial business with entities and individuals in the State of Delaware and this District, by among other things, making, offering to sell, distributing, and selling products that infringe the '267 and '640 patents, including the infringing Accused Products that Cibo Vita purposefully directs into the State of Delaware and this District as alleged herein. Cibo Vita places the Accused Products into the stream of commerce via authorized and established distribution channels with the knowledge and expectation that they will be sold in the State of Delaware, including this District.

28.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), because Cibo Vita has committed acts of infringement in this District, including at least the sale of infringing Accused Products in this District, and because Cibo Vita is incorporated in the State of Delaware.

## FACTS

29.     Plaintiff incorporates by reference the prior paragraphs of this Complaint as if fully set forth herein.

30.     For years, consumers seeking to increase their probiotic intake were largely limited to drug supplements, such as tablets or pills, or other food products that were inconvenient, unappealing, or ill-suited for everyday snacking. PIM transformed the fruit snack industry by developing—and patenting—a confectionery product that delivers probiotics in a consumer-friendly, great-tasting form. Achieving a confectionery product with a long shelf life and substantial moisture content while maintaining viable probiotic cultures was challenging, but PIM overcame this challenge. PIM invented a barrier layer that prevents moisture migration from the center to the outer layer, allowing probiotics and other heat-sensitive components in the outer layer to remain viable throughout the product's shelf life. *See generally*, Exs. A, B.

9

31.     Cibo Vita recognized the commercial value of probiotic-containing confectionery products and began copying PIM's patented technology for use in its own products. In 2023, Cibo Vita introduced its copycat yogurt-covered fruit-based product, "Nature's Garden Probiotic Yoggies Snack Packs" ("Yoggies"), which was deliberately designed to infringe PIM's patents. Upon information and belief, each Yoggie includes a center, a barrier layer that prevents moisture migration from the center, and an outer layer containing probiotics and/or other heat-sensitive components.

32.     By copying PIM's patented technology for use in its own products, Cibo Vita has infringed the claims of the '267 and '640 patents asserted herein.

## THE ACCUSED PRODUCTS

33.     Plaintiff incorporates by reference every allegation set forth in the foregoing paragraphs of this Complaint as if fully set forth and restated herein.

34.     The Accused Products include Cibo Vita's coated confectionery products such as "Probiotic Strawberry Yoggies," "Probiotic Mixed Berry Yoggies," "Probiotic Peach Mango Yoggies," "Probiotic Lemonberry Yoggies," "Probiotic Yoggies Snack Packs," "Probiotic Mixed Berry Yoggies Trail Mix," "Probiotic Lemonberry Yoggies Trail Mix," "Probiotic Strawberry Yoggies Trail Mix," and "Probiotic Yoggies Trail Mix Multipacks" (collectively referred to herein as "Yoggies"), sold under its "Nature's Garden" brand.

35.     Cibo Vita is a listed Applicant on at least three international patent publications—PCT Publication Nos. WO 2025/056631 ("'631 publication") (Ex. G), WO 2025/056630 ("'630 publication") (Ex. H), and WO 2025/215255 ("'255 publication") (Ex. I)—and two U.S. patent applications—U.S. 19/328,595 ("'595 application) (Ex. J) and U.S. 19/332,340 ("'340 application) (Ex. K) (collectively referred to herein as the "Cibo Vita Patent Publications"). The Cibo Vita

Patent Publications describe edible products comprising centers, multiple coatings of one or more fatty materials (e.g., yogurt, chocolate), and probiotics. *See generally* Exs. G-K. Further details on the components and configurations described in the Cibo Vita Patent Publications are set forth in the claim charts contained in Exhibits L and M.

36. Upon information and belief, the Accused Products embody the structural and compositional features disclosed in Cibo Vita's Patent Publications. For example, upon information and belief, Cibo Vita manufactures and sells Yoggies using the materials and processes disclosed in the Cibo Vita Patent Publications. Cibo Vita prominently advertises the centers, yogurt coatings, and probiotics in its Yoggies. And Figure 6C of the '631 publication (Ex. G), Figure 6 of the '630 publication (Ex. H), and Figure 6 of the '255 publication (Ex. I), which are reproduced on the left side of Figure 1 below, depict a round edible confectionary product that appears to be one or more of the Accused Products.



**Figure 1** (Comparison of Cibo Vita Patent Publications' Figures to Exemplary Yoggies)

37. Exemplary photographs of the Accused Products are provided below.



**Figure 2.** (Cross-Section of an Exemplary Yoggie)



**Figure 3.** (Cross-Section of an Exemplary Yoggie)



**Figure 4.** (Advertisement for Yoggies)

38.     Cibo Vita has infringed and continues to infringe at least the exemplary claims identified below of the '267 and '640 patents. Cibo Vita infringes the exemplary claims of the '267 and '640 patents literally and/or under the doctrine of equivalents by making, using, and selling products that infringe, by importing those products into the United States to offer them for sale, and/or by selling those products within the United States after importation.

**CLAIMS FOR RELIEF**

**Patent Infringement of the '267 Patent**

**(Under 35 U.S.C. § 271)**

39.     Plaintiff incorporates by reference every allegation set forth in the foregoing paragraphs of this Complaint as if fully set forth and restated herein.

40.     Cibo Vita, without the authority or consent of PIM, has been making, using, importing, offering to sell and selling, and continues to make, use, import, offer and sell in the United States Accused Products that infringe at least claims 1-15, 20-31, 36-42, 44-47, 50-60, and 63-66 of the '267 patent.

41.     A claim chart providing an exemplary infringement analysis of the independent claims of the '267 patent based on publicly available information is attached as Exhibit L.

42.     Cibo Vita infringes at least claims 1-15, 20-31, 36-42, 44-47, 50-60, and 63-66 of the '267 patent directly and indirectly by causing direct infringement in the United States. Upon

13

information and belief, Cibo Vita directly infringes the '267 patent by making, using, and selling the Accused Products in the United States, and has been doing so since 2023.

43. Moreover, Cibo Vita has known about the '267 patent since at least April 12, 2024, when Cibo Vita was sent and received an International Search Report informing it about the publication that matured into the '267 patent. Cibo Vita then cited this PIM patent publication to the USPTO in Information Disclosure Statements submitted in September 2025.

44. Cibo Vita has known about, or at least has been willfully blind towards, its infringement of the Asserted Patents since May 12, 2024. On that date, the European Patent Office sent Cibo Vita a substantive analysis that compared the designs described in the publication that led to the '267 patent to the designs that Cibo Vita adopted in the Accused Products, after which the European Patent Office concluded that the designs were similar. In its analysis, the European Patent Office cited to and opined on three features at the heart of the infringement analysis in this case: the fruit center, the barrier layer, and the outer probiotic layer. After receiving the May 2024 International Search Report, Cibo Vita knew it infringed the Asserted Patents, or was at least willfully blind to the issue. Rather than stop its infringement, Cibo Vita has deliberately and willfully continued to infringe and still does so as of the current day.

45. Cibo Vita's knowledge of the '267 patent and its infringing conduct are further confirmed by the filing and service of this Complaint.

46. Cibo Vita infringes at least one claim of the '267 patent indirectly through contributory infringement by selling or offering for sale to third parties, such as its customers, products that are material parts of the inventions claimed in the '267 patent, knowing that they were especially made or especially adapted to practice one or more of the claims of the '267 patent, and that have no substantial non-infringing uses, and knowing they are in fact used to directly

14

infringe one or more of those claims, at least through the allegations in this Complaint. Cibo Vita also infringes at least one claim of the '267 patent indirectly through inducement by, inter alia, importing, offering to sell and/or selling the Accused Products to third parties, including its customers, with the specific intent that those third parties directly infringe one or more of the claims of the '267 patent. Cibo Vita actively encourages or aids such infringement through various activities, including descriptions on its website and related materials, and knows—at least through the allegations in this Complaint—that the third parties' acts it has induced, and continues to induce, constitute infringement.

47.     Cibo Vita's infringement of the '267 patent has caused and continues to cause damages and irreparable harm to PIM.

**Patent Infringement of the '640 Patent**

**(Under 35 U.S.C. § 271)**

48.     Plaintiff incorporates by reference every allegation set forth in the foregoing paragraphs of this Complaint as if fully set forth and restated herein.

49.     Cibo Vita, without the authority or consent of PIM, has been making, using, importing, offering to sell and selling, and continues to make, use, import, offer and sell in the United States Accused Products that infringe at least claims 1-3, and 6-20 of the '640 patent.

50.     A claim chart providing an exemplary infringement analysis of the independent claims of the '640 patent based on publicly available information is attached as Exhibit M.

51.     Cibo Vita infringes at least claims 1-3, and 6-20 of the '640 patent directly and indirectly by causing direct infringement in the United States. Upon information and belief, Cibo Vita directly infringes the '640 patent by making, using, and selling the Accused Products in the United States, and has been doing so since 2023.

52.     Moreover, Cibo Vita has known about the '640 patent since at least April 12, 2024, when Cibo Vita was sent and received an International Search Report informing it about the publication that matured into the '640 patent. Cibo Vita then cited this PIM patent publication to the USPTO in Information Disclosure Statements submitted in September 2025.

53.     Cibo Vita has known about, or at least has been willfully blind towards, its infringement of the Asserted Patents since May 12, 2024. On that date, the European Patent Office sent Cibo Vita a substantive analysis that compared the designs described in the publication that led to the '640 patent to the designs that Cibo Vita adopted in the Accused Products, after which the European Patent Office concluded that the designs were similar. In its analysis, the European Patent Office cited to and opined on three features at the heart of the infringement analysis in this case: the fruit center, the barrier layer, and the outer probiotic layer. After receiving the May 2024 International Search Report, Cibo Vita knew it infringed the Asserted Patents, or was at least willfully blind to the issue. Rather than stop its infringement, Cibo Vita has deliberately and willfully continued to infringe and still does to the current day.

54.     Cibo Vita's knowledge of the '640 patent and its infringing conduct are further confirmed by the filing and service of this Complaint.

55.     Cibo Vita infringes at least one claim of the '640 patent indirectly through contributory infringement by selling or offering for sale to third parties, such as its customers, products that are material parts of the inventions claimed in the '640 patent, knowing that they were especially made or especially adapted to practice one or more of the claims of the '640 patent, and that have no substantial non-infringing uses, and knowing they are in fact used to directly infringe one or more of those claims, at least through the allegations in this Complaint. Cibo Vita also infringes at least one claim of the '640 patent indirectly through inducement by, inter alia,

16

importing, offering to sell and/or selling the Accused Products to third parties, including its customers, with the specific intent that those third parties directly infringe one or more of the claims of the '640 patent. Cibo Vita actively encourages or aids such infringement through various activities, including descriptions on its website and related materials, and knows—at least through the allegations in this Complaint—that the third parties' acts it has induced, and continues to induce, constitute infringement.

56.     Cibo Vita's infringement of the '640 patent has caused and continues to cause damages and irreparable harm to PIM.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.     The entry of judgement under 35 U.S.C. § 271(a), (b) and/or (c) that Defendant's making, using, offering to sell, selling or importing of Defendant's Accused Products prior to the expiration of the '267 patent will infringe, actively induce infringement, and/or contribute to the infringement of the '267 patent under 35 U.S.C. § 271(a), (b) and/or (c);

B.     The entry of judgement under 35 U.S.C. § 271(a), (b) and/or (c) that Defendant's making, using, offering to sell, selling or importing of Defendant's Accused Products prior to the expiration of the '640 patent will infringe, actively induce infringement, and/or contribute to the infringement of the '640 patent under 35 U.S.C. § 271(a), (b) and/or (c);

C.     The entry of a preliminary and/or permanent injunction, enjoining Defendant and all persons acting in concert with Defendant from commercially manufacturing, using, offering for sale, or selling Defendant's Accused Products within the United States, or importing Defendant's

17

Accused Products into the United States, until the expiration of the '267 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

D.      The entry of a preliminary and/or permanent injunction, enjoining Defendant and all persons acting in concert with Defendant from commercially manufacturing, using, offering for sale, or selling Defendant's Accused Products within the United States, or importing Defendant's Accused Products into the United States, until the expiration of the '640 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

E.      The issuance of an order that Defendant certify that it has destroyed all infringing products in its possession;

F.      An award to Plaintiff adequate to compensate for Defendant's infringement pursuant to 35 U.S.C. § 284, in an amount to be determined at trial, as a result of Defendant's infringement of the '267 patent;

G.      An award to Plaintiff adequate to compensate for Defendant's infringement pursuant to 35 U.S.C. § 284, in an amount to be determined at trial, as a result of Defendant's infringement of the '640 patent;

H.      Granting Plaintiff pre- and post-judgment interest on damages, together with all costs and expenses;

I.      Granting Plaintiff reasonable attorney fees pursuant to 35 U.S.C. § 285; and

J.      Awarding such other relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all claims so triable.

18

Respectfully submitted,

/s/ Andrew E. Russell

Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorneys for Plaintiff Promotion In
Motion, Inc.*

OF COUNSEL:
David K. Mroz
Mareesa A. Frederick
Smith R. Brittingham IV
Luke J. McCammon
Alexander E. Harding
Maram E. Al-Shaer
Christine M. Akagi
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Taylor L. Stark
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
1875 Explorer Street, 8th Floor
Reston, VA 20190-6023
(571) 203-2700

Virginia L. Carron
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
271 17th Street, NW, Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400

Dated: April 2, 2026

19